UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE 1199/SEIU GREATER
NEW YORK BENEFIT FUND, TRUSTEES OF
THE 1199/SEIU GREATER NEW YORK PENSION
FUND, TRUSTEES OF THE 1199/SEIU GREATER
NEW YORK EDUCATION FUND, TRUSTEES OF
THE 1199/SEIU GREATER NEW YORK CHILD CARE
FUND, TRUSTEES OF THE 1199/SEIU GREATER
NEW YORK JOB SECURITY FUND, and THE TRUSTEES OF
THE 1199/SEIU GREATER NEW YORK
WORKER PARTICIPATION FUND,

Civil Action No. 07 CIV 9744
JUDGE COTE

Plaintiffs,

v.

KINGSBRIDGE HEIGHTS REHABILITATION
CARE CENTER,

Defendant.



## COMPLAINT

### Introduction

1. This is an action to require the defendant Kingsbridge Heights Rehabilitation Care Center ("KB" or "defendant"), to make delinquent contributions that it owes to the 1199/SEIU Greater New York Benefit Fund, (the "Benefit Fund") the 1199/SEIU Greater New York Pension Fund, (the "Pension Fund"), the 1199/SEIU Greater New York Education Fund, (the "Education Fund"), the 1199/SEIU Greater New York Child Care Fund, (the "Child Care Fund"), the 1199/SEIU Greater New York Job Security Fund, (the "Job Security Fund") and the 1199/SEIU Greater New York Worker Participation Fund (the "Worker Participation Fund") (collectively the "Funds").

2. This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

### Jurisdiction and Venue

3. The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Funds are administered.

### Parties

5. Plaintiffs are trustees of each of the Funds. The Funds are established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Funds are employee benefit plans within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and are maintained for the purposes of providing medical benefits, retirement benefits, child care benefits, education benefits, and other benefits to eligible participants and their beneficiaries. The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6. Plaintiff members of the Boards of Trustees of the Funds ("Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. All plaintiffs maintain their principal place of business at 330 West 42nd Street, New York, New York.

8. Plaintiffs bring this action on behalf of themselves and on behalf of Funds participants and beneficiaries pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9. Defendant Kingsbridge Heights Rehabilitation Care Center ("KB") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

10. Defendant is an entity doing business primarily in the state of New York. Upon information and belief, defendant maintains its principal place of business at 3400 Cannon Place, Bronx, New York, 10463.

<u>Statement of Claim</u>
<u>Allegations Common to All Claims</u>

11. At all relevant times some KB employees were represented by 1199/SEIU United Health Care Workers, East ("1199").

12. Since June 8, 2006, KB and 1199 have been party to an agreement with 1199 (the "June 8 Contract").

13. The June 8 Contract is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C.

§ 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

14. At all times relevant to this action, the June 8 Contract has required KB to make all regularly required contributions to the Funds. Fund contributions are calculated as a percentage of wages paid to KB's 1199-represented employees.

15. 1199 and KB were parties to a collective bargaining agreement covering the period October 1, 2002 through April 30, 2005, ("the CBA"). For each of the Funds, the CBA specifies required contributions, and these contributions are expressed in terms of a percentage of gross wages. It also provides that required contributions may be modified by plaintiff Trustees.

## Count I – Payment of Delinquent Contributions

16. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 – 15.

17. Paragraph 3 of the June 8 Contract requires KB to make timely monthly contributions to the Funds as they become due.

18. The CBA provide that Funds contributions are due no later than the 10th of the month after wages are earned. For instance, Fund contributions based on wages earned in October, 2007 are due on November 10, 2007.

19. As of October 30, 2007, KB is five months delinquent to the Funds. The Funds have demanded payment of these amounts; but KB has failed to make these payments, despite the Fund's repeated demands.

20. KB's failure to make timely payments to the Benefit Fund will result in the cutoff of medical benefits to the KB employees on November 5, 2007.

21. Defendant's failure to pay required contributions and interest due is a breach of its obligations under the June 8 Contract and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

22. Under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Funds and their Trustees to pay the full amount of its delinquent contributions, plus accrued interest, liquidated damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in the full amount of the delinquent contributions KB owes to the Funds, together with interest to the date of judgment, liquidated damages, attorneys' fees and costs as required by ERISA, 29 U.S.C. §1132(g)(2); and

2. Issue a temporary restraining order, preliminary injunction, and permanent injunction requiring KB to make all required contributions to the Funds.

3. Order such other legal and equitable relief as the Court may deem just and proper.

>Respectfully submitted,
>
>MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
>
>By: _____
>Hanan Kolko (HK 1307)
>1350 Broadway, Suite 501
>New York, New York 10018-0822
>(212) 239-4999
>hkolko@msek.com
>
>Attorneys for Plaintiffs

Dated: New York, New York
       November 2, 2007

89871v.1

Index No.

Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE 1199/SEIU GREATER NEW YORK BENEFIT FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK PENSION FUND, TRUSTEES OF THE 199/SEIU GREATER NEW YORK EDUCATION FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK CHILD CARE FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK JOB SECURITY FUND, and THE TRUSTEES OF THE 1199/SEIU GREATER NEW YORK WORKER PARTICIPATION FUND,

Plaintiff,

vs.

KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER

Defendant.

## Complaint

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

*Attorneys for* Plaintiff

Office and Post Office Address
One Commerce Plaza
Suite 1705
Albany, New York  12260
518-465-5551

This paper is signed pursuant to 22 NYCRR 130-1.1-a.

Dated: November 2, 2007

Signature: _____

Print Signer's Name: _____

To:

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated:                              20