UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE 1199/SEIU GREATER NEW :
YORK BENEFIT FUND, TRUSTEES OF THE
1199/SEIU GREATER NEW YORK PENSION :
FUND, TRUSTEES OF THE 1199/SEIU
GREATER NEW YORK EDUCATION FUND, :
TRUSTEES OF THE 1199/SEIU GREATER NEW
YORK CHILD CARE FUND, TRUSTEES OF :
THE 1199/SEIU GREATER NEW YORK JOB          INDEX NO. 07-CV-9744
SECURITY FUND, and THE TRUSTEES OF THE :
1199/SEIU GREATER NEW YORK WORKER           **DEFENDANT'S ANSWER**
PARTICIPATION FUND,                      :

       Plaintiffs,  :

 -against-        :

KINGSBRIDGE HEIGHTS REHABILITATION   :
CARE CENTER,

       Defendant. :
----------------------------------------X

  Kingsbridge Heights Rehabilitation Care Center (the "Center" or "Defendant"), located at 3400-26 Cannon Place, Bronx, New York, by and through it attorneys, McDermott Will & Emery LLP, answers the Complaint (the "Complaint") of plaintiffs Trustees of the 1199/SEIU Greater New York ("SEIU") Benefit Fund, Trustees of the SEIU Pension Fund, Trustees of the SEIU Education Fund, Trustees of the Child Care Fund, Trustees of the Job Security Fund, and Trustees of the Work Participation Fund (collectively referred to herein as the "SEIU Funds" or Plaintiffs"), as follows:

## INTRODUCTION

1. Avers that paragraph 1 of the Complaint contains Plaintiffs' description of the action, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 contains factual allegations, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Avers that the allegations contained in paragraph 2 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 2 contains factual allegations, Defendant denies the allegations contained in paragraph 2, except admits that Plaintiffs purport to bring a claim under the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

## JURISDICTION AND VENUE

3. Avers that the allegations contained in paragraph 3 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 3 contains factual allegations, Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiffs allege that jurisdiction is proper pursuant to 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. Avers that the allegations contained in paragraph 3 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent paragraph 3 contains factual allegations, Defendant denies the allegations contained in paragraph 3 of the Complaint, except admits that Plaintiffs allege that venue is proper pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

5.    Avers that the allegations contained in paragraph 5 of the Complaint state a legal conclusion, to which no response is required.

6.    Avers that the allegations contained in paragraph 6 of the Complaint state a legal conclusion, to which no response is required.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations related to the location of Plaintiffs' principal place of business.

8.    Avers that the allegations contained in paragraph 8 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 2 contains factual allegations, Defendant denies the allegations contained in paragraph 8, except admits that Plaintiffs purport to bring this action pursuant to §§ 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132 (a)(3)(B) and 1145, and § 301 of the LMRA, 29 U.S.C. § 185. Defendant further avers, that such actions are expressly preempted by the National Labor Relations Act, 29 U.S.C. §§ 151 et seq. ("NLRA").

9.    Avers that the allegations contained in paragraph 9 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 9 contains factual allegations, Defendant denies the allegations contained in paragraph 9, except admits that Defendant is an employer.

10.    Admits each and every allegation contained in paragraph 10.

## STATEMENT OF CLAIM

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Admits each and very allegation contained in paragraph 11 of the Complaint, and avers that prior to April 2005, Defendant and 1199/SEIU United Health Care Workers, East ("Local 1199") were parties to a collective bargaining agreement in connection with the employment of Local 1199 members. Defendant further avers, that since April 2005 Defendant and Local 1199 have not had a collective bargaining agreement and have reached a bargaining impasse.

12. Denies each and every allegation set forth in paragraph 12 of the Complaint, and avers that on or about June 8, 2006, Defendant and Local 1199 entered into a settlement agreement with the National Labor Relations Board (the "NLRB Settlement Agreement") relating to continued payments of contributions to the SEIU Funds following the expiration of the parties' collective bargaining agreement in April 2005. Defendant further avers that the NLRB Settlement Agreement is not a collective bargaining agreement and, Local 1199 has no standing to enforce such an agreement.

13. Avers that the allegations contained in paragraph 13 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 13 contains factual allegations, Defendant denies each and every allegation contained in paragraph 13.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that SEIU Fund contributions are calculated as a percentage of wages paid to Defendant's employees who Local 1199 represents. Defendant also avers that the NLRB

Settlement Agreement required Defendant to make regular payments of contributions to the SEIU Funds following the expiration of the collective bargaining agreement between Defendant and Local 1199. Defendant further avers that it complied with the NLRB Settlement Agreement.

15.   Admits each and every allegation contained in paragraph 15.

### COUNT I – PAYMENT OF DELINQUENT CONTRIBUTIONS

16.   Incorporates the responses made to paragraphs 1-15 of the Complaint as if fully set forth herein.

17.   Denies each and every allegation contained in paragraph 17, and avers that the NLRB Settlement Agreement speaks for itself.

18.   Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the expired collective bargaining agreement provided that contributions to the SEIU Funds are due no later than the 10th of the month after wages are earned.

19.   Denies each and every allegation contained in paragraph 19 of the Complaint.

20.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.   Avers that the allegations contained in paragraph 21 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 21 contains factual allegations, Defendant denies the allegations contained in paragraph 21.

22.   Avers that the allegations contained in paragraph 22 of the Complaint state a legal conclusion, to which no response is required. Notwithstanding the foregoing, to the extent that

paragraph 22 contains factual allegations, Defendant denies the allegations contained in paragraph 22.

## PRAYER FOR RELIEF

23.  Denies the allegations contained in the Wherefore clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.  Plaintiffs fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.  Plaintiffs' claims are preempted by the National Labor Relations Act, which provides the exclusive remedies for claims relating to the payment of contributions to funds post-expiration of a collective bargaining agreement such as the funds at issue in this case.

## THIRD AFFIRMATIVE DEFENSE

3.  Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiffs' claims are barred, in part or in whole, by the equitable doctrine of estoppel.

- 7 -

WHEREFORE, Defendant Kingsbridge Heights Rehabilitation Care Center seeks judgment against Plaintiffs SEIU Funds:

(a)  Dismissing the entire Complaint against it with prejudice;

(b)  Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c)  Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 28, 2007

                                    Respectfully submitted,

                                    McDERMOTT WILL & EMERY LLP

                                    By: _____
                                        Joel E. Cohen (JEC 5312)
                                        Nadine M. Gomes Williams (NW 3319)
                                    340 Madison Avenue
                                    New York, New York 10017
                                    (212) 547-5400

                                    *Attorneys for Defendant*
                                    *Kingsbridge Heights Rehabilitation Care Center*

NYK 1131900-1.057806.0011