LAW OFFICES OF

# PAUL M. SOD

337R Central Avenue, Lawrence, NY 11559
Phone: (516) 295-0707
Fax: (516) 295-0722

May 16, 2008

**VIA DHL & ECF**
Honorable Denise Cote
United States District Judge
United States District Court
500 Pearl Street, Rm. 1040
New York, NY 10007

Re:    Trustees of 1199 v. Kingsbridge Heights Care Center, Inc.
        Docket No. 07 CV 9744

Dear Judge Cote:

The arguments submitted by Hanan B. Kolko, Esq. on behalf of the plaintiff fail to establish that there is jurisdiction, and indeed, one of the cases cited by opposing counsel itself proves that there is no jurisdiction in this court.

In Smith v. Candler Coffee Corporation, 95 Civ. 109 56, 1996 WL 434554 (S.D.N.Y), then-Judge Michael B. Mukasey held that there was no jurisdiction over a lawsuit where the employer failed to make trust fund contributions after the collective bargaining agreement ("CBA") expired. The court noted that under the applicable trust indenture, the employer remained obligated to continue making contributions to the trust fund so long as the employer was a party to the CBA. The CBA having expired, there was no further obligation for the employer to continue making trust fund contributions and the court lacked jurisdiction.

Significantly, Judge Mukasey distinguished the facts in his case from the facts in Central States, Southeast and Southwest Areas Pension Fund v. Behnke Inc., 883 F2d 454 (6th Circuit

1989).  In Behnke, there was a "Fringe Benefit Interim Agreement" which specified precisely the contribution the employer needed to make in the post-CBA period.  Judge Mukasey did not find there to be any such agreement before him specifying the amount of contributions that needed to be paid and dismissed the union benefit funds' lawsuit.

The court should hold that the failure of the June 8, 2006 settlement agreement to specify the amount of contributions defendant needs to make dooms this action to dismissal.[1]  Central States, Southeast and Southwest Areas Pension Fund v. Behnke Inc., supra.  In pertinent part, the settlement agreement provides:

> III.    In addition to the contributions described above, respondent will make timely monthly contribution to the Benefit, Pension, Education, Job Security, Worker Participation and Child Care Funds, as they become due.

The agreement fails to specify what payments will be due.  It simply states that undefined "monthly contributions" to the Funds will be made "as they become due".  The agreement doesn't state how much the defendant must pay; how to calculate how much the defendant must pay; nor even when the defendant must pay these undefined amounts.  The settlement agreement lacks the specificity to allow this court to adjudicate how much the employer is required to pay, and under Behnke the court should dismiss.

It is unavailing for plaintiffs to contend that the amount due is the amount that was set in the now-expired CBA.  As Judge Mukasey further stated in Smith, "In the absence of an effective CBA, there is no way to determine the amount of the employer's obligation, because there is no such obligation."  Smith at page 3.  While Judge Mukasey proceeded to hold that the

---

[1] The court is requested to take judicial notice that actual trust indentures, which Judge Mukasey found to be conclusive, were not alleged in plaintiffs' complaint to require ongoing employer contributions, and Mr. Kolko's letter likewise fails to make such an allegation.  Defendant does not have a copy of the trusts and previously sought to review their terms.  (Exhibit A)  The court should consequently conclude that the trust agreements do not require any further contributions from Kingsbridge.

NLRA prohibits an employer from discontinuing contributions to a pension fund after the expiration of a CBA, there is no such prohibition when the employer and union have bargained to an impasse. Smith at page 2, citing National Labor Relations Board v. Katz, 369 US 736, 742 (1962), and Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 US 539, 544 n. 6 (1988) (citing Peerless Roofing Co. v. National Labor Relations Board, 641 F.2d 734, 735 (9th Cir. 1981)). That is precisely what has happened here. The parties reached an impasse in negotiations on the identity of the arbitrator, and this impasse permitted the employer to discontinue contributions to the benefit funds. The fact that the union may now be willing to concede this point is not relevant. What is relevant is that the impasse allowed the employer defendant to discontinue contributions.

Furthermore, this court cannot make an adjudication that there was no impasse and/or that the defendant was not entitled to discontinue fringe benefit contributions because of the absence of an impasse. These are classic labor law questions that are in the exclusive jurisdiction of the NLRB and for which the court does not have jurisdiction. Laborers Health and Welfare Trust Fund for Northern California v. Advanced Lightweight Concrete Co., Inc., 484 US 539, 108 SCt 830 (1988) The expired CBA is thus of no relevance, cannot be a basis for suit, and is not alleged in plaintiffs' complaint to be a basis for this suit. Plaintiffs sue on the settlement agreement, which because it lacks specificity, is not a sufficient jurisdictional predicate to allow the court to retain jurisdiction.

This court should consequently hold that there is no jurisdiction to hear this suit and dismiss.

## CONCURRENT JURISDICTION

While it is true, as opposing counsel argued, that the court has concurrent jurisdiction with the NLRB on certain aspects of this suit, it is submitted that this court does not have jurisdiction when the precise issue which is being litigated is also precisely before the NLRB. Indeed, the pending NLRB case creates the very real risk of creating inconsistent adjudications on the issue. While the NLRB may move at the "glacial" pace that has been attributed to it, it was the plaintiffs who elected their remedies and filed an NLRB case, which indeed was filed before this case was filed.

<u>CONCLUSION</u>

There is no jurisdiction in this court to hear this matter since there is no agreement upon which the plaintiffs sue that specifies that contributions are owed, their amount or when they are due. Further, an adjudication on the merits, should this court in fact find jurisdiction to exist, foreseeably will lead to an adjudication inconsistent with the NLRB's ultimate finding on the precise issue before the court. Plaintiffs sought adjudications of this same controversy simultaneously in two different forums and created the risk of inconsistent adjudications, and should not be permitted to continue both cases.

For these reasons and the reasons set forth in my original letter, the court is moved to dismiss this action.

Respectfully submitted,

PAUL M. SOD

PMS:mcj

cc:    Hanan B. Kolko, Esq. @ Meyer, Suozzi via fax @ 212-239-1311 and regular mail
       Helen Sieger via e-mail