COLLAZO CARLING & MISH LLP

747 THIRD AVENUE
NEW YORK, NEW YORK 10017-2803
(212) 758-7600

ERNEST J COLLAZO
TONIANNE FLORENTINO
JOHN P KEIL

Fax: (212) 758-7609
http://www.ccmlaw.com
E-Mail: info@ccmlaw.com

MELANY R. GRAY
FARAH MOLLO
GREGORY GLICKMAN

SR COUNSEL
RISA M MISH

OF COUNSEL
FRANCIS CARLING

**MEMO ENDORSED**

DIRECT DIAL

(212) 758-7753

Via Overnight Mail

DIRECT E-MAIL

ejcollazo@ccmlaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/08

June 30, 2008

The Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

> Re:    Trustees of the 1199/SEIU Greater New York Benefit Fund, *et al.* v.
> <u>Kingsbridge Heights Rehabilitation Care Center, 07-CV-9744 (DLC)</u>

Dear Judge Cote:

As counsel for defendant, Kingsbridge Heights Care Center ("Kingsbridge"), in the above-referenced matter, I write requesting an extension of the deadlines in the Pretrial Scheduling Order. This is the first request for an extension.

Kingsbridge retained me to represent it in this matter on or about June 20, 2008. On June 24th, I submitted to the Court a Stipulation and Order for substitution of counsel, and your Honor ordered the substitution that same day. In order to represent my client effectively, I will need some time to familiarize myself with the facts underlying this case. Additionally, I am scheduled to try a case involving approximately 30 issues before the National Labor Relations Board for another client starting on July 21st, and during the first two weeks in August my spouse and I plan to be out of the country on a trip to which we committed approximately eight months ago.

The remaining deadlines in the current Pretrial Scheduling Order are as follows: all fact discovery – July 25; service of a summary judgment motion – August 15; service of an opposition to summary judgment motion – September 5; and service of a reply – September 12. I respectfully request that the deadlines be extended as follows: all fact discovery – October 10; service of a summary judgment motion – October 31; service of an opposition to summary

judgment motion – November 21; and service of a reply – December 5 (factoring in the intervening Thanksgiving holiday). There is an approximate 15-week time period from the date of Your Honor's issuance of the current Pretrial Scheduling Order on April 9th to the July 25th discovery deadline. I have used slightly less than a 15-week interval from today's date to derive the proposed dates. Pursuant to your Honor's Individual Practices, attached is a proposed revised scheduling order.

Hanan Kolko, counsel for plaintiffs, does not consent to the extension. As I understand, Mr. Kolko refuses to consent because his clients believe that this request is being orchestrated by my client as some sort of dilatory tactic, and this belief is fueled by plaintiff's erroneous perception that Kingsbridge has retained four different counsel thus far to represent it in this matter. This simply is not the case.

First, the instant request for an extension is being sought by me for no reason other than to represent my new client effectively.

Second, Kingsbridge has not retained four counsel to represent it in this matter. Kingsbridge initially was represented by Joel Cohen of McDermott Will & Emery LLP. Mr. Cohen had represented Kingsbridge on various matters since 2000. The professional relationship between Kingsbridge and Mr. Cohen ended during March 2008 after approximately eight years, precipitated by what seems to be a misunderstanding by Mr. Cohen that Kingsbridge had retained David Jasinki of Jasinski & Williams P.C. to represent Kingsbridge in all labor and employment related matters. Kingsbridge had not retained Jasinki & Williams to replace McDermott Will & Emery but, rather, had retained Jasinski & Williams during March 2008 for one limited assignment – to attend and represent Kingsbridge at a hearing before the National Labor Relations Board for a decertification petition. Kingsbridge retained Mr. Jasinski for the NLRB case, and only that case, because Mr. Cohen was on vacation overseas.

With Mr. Cohen no longer representing Kingsbridge in this and other matters, Attorney Paul Sod, Kingsbridge's outside general counsel, temporarily stepped in to assist Kingsbridge in this case. Mr. Sod does not specialize in labor and employment law issues, but he agreed reluctantly to assist until Kingsbridge retained specialized counsel. It is my understanding that Mr. Sod had notified both your Honor and Judge Katz of his intent to have a temporary and limited role in this case. Mr. Sod appeared at the pre-trial scheduling conference held on April 9th and he filed a notice of appearance on the same date.

I also understand that, in reviewing the docket sheet in this case, Mr. Sod discovered that Joel Cohen and David Jasinski had executed and filed with this Court a stipulation and order of substitution of counsel on March 19, 2008, which your Honor so ordered on March 31st. Jasinski & Williams then filed a notice of appearance on April 3rd. I further understand that Kingsbridge's executive director never authorized Mr. Jasinski to substitute as counsel and never authorized him to file a notice of appearance. Simply put, Kingsbridge never retained Jasinski & Williams to represent it in this case. Indeed, Kingsbridge's executive director has not signed any paperwork authorizing a substitution by Jasinski & Williams. Jasinski & William's appearance in this case was short-lived, and of no moment, since its notice of appearance on April 3rd was supplanted by that of Mr. Sod on April 9th. Jasinksi & Williams filed a notice of withdrawal as counsel on April 10th.

Page: 3

As stated earlier, Kingsbridge retained our services on or about June 20th. During my conversation with Mr. Kolko, he seems to question the diligence with which Kingsbridge sought to retain labor and employment counsel. Prior to retaining this firm, Kingsbridge had reached out to various law firms during its search for representation without success.

We respectfully request that our extension of the current deadlines in the scheduling order be granted as denying the request would hamper our representation of Kingsbridge. Thank you for your attention to this matter.

Sincerely,

Ernest J. Collazo (EC8131)

cc:   Hanan Kolko, Esq. (by overnight mail)
      Counsel for Plaintiffs

Letters to the Court may not exceed two pages. The request to alter the schedule in the April 9 Order is denied. As counsel were advised at the April 9 conference, the July 25 and August 15 dates are firm.

Denise Cote
July 1, 2008