UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TRUSTEES OF THE 1199/SEIU GREATER NEW YORK BENEFIT FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK PENSION FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK EDUCATION FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK CHILD CARE FUND, TRUSTEES OF THE 1199/SEIU GREATER NEW YORK JOB SECURITY FUND, and THE TRUSTEES OF THE 1199/SEIU GREATER NEW YORK WORKER PARTICIPATION FUND,

                Plaintiffs,

v.

KINGSBRIDGE HEIGHTS REHABILITATION CARE CENTER,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.
07 CV 9744 (DLC)

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1(a), plaintiffs hereby submit this statement of material facts as to which plaintiffs contend there is no genuine issue to be tried.

1. This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§1001, et seq. ("ERISA"), and §301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) ("LMRA"). Complaint, ¶2

2. Plaintiffs are the trustees of the 1199 SEIU Greater New York Benefit Fund, (the "Benefit Fund"), the 1199 SEIU Greater New York Pension Fund, (the "Pension Fund"), the 1199 SEIU Greater New York Education Fund, (the "Education

Fund"), the 1199 SEIU Greater New York Child Care Fund, (the "Child Care Fund"), the 1199 SEIU Greater New York Job Security Fund, (the "Job Security Fund"), and the 1199 SEIU Greater New York Worker Participation Fund, (the "Worker Participation Fund') (collectively the "Funds"). Complaint, paragraphs 1, 5 answer, paragraph 5.

3. The Funds are established and maintained pursuant to §302(c)(5) of the LMRA . Wells Affidavit; ¶6.

4. The Funds are employee benefit plans in the meaning of ERISA, 29 U.S.C. §§1002(2)(3). Wells Affidavit; ¶8.

5. The Funds are maintained for the purposes of providing medical benefits, retirement benefits, child care benefits, education benefits, and other benefits to other eligible participants and their beneficiaries. Wells Affidavit, ¶8.

6. Defendant Kingsbridge Heights Rehabilitation Care Center ("KB") is an employer. Complaint, paragraph 9, Answer, ¶9.

7. Defendant KB is a nursing home operating at 3400 Cannon Place, Bronx, New York. Answer, ¶10.

8. At all relevant times some KB employees were represented by 1199 SEIU United Health Care Workers, East ("1199"). Complaint, ¶11; Answer, ¶11.

9. Up through April, 2005, KB and 1199 were parties to a collective bargaining agreement which covered the terms and conditions of employment of certain KB employees. Answer, ¶11.

10. On June, 8, 2006, 1199, Kingsbridge, and the National Labor Relations Board entered into an agreement. Kolko Affidavit, ¶1., Exhibit 1; Answer ¶12.

11. In Section III of the June 8, 2006 Agreement, Kingsbridge agreed to "make timely monthly contributions to the benefit, pension, education, job security, worker participation and child care funds as they become due." Kolko Affidavit, ¶2, Exhibit 1.

12. Monthly contributions, which are a percentage of wages, are due on the 10th of the following month. Wells Affidavit, ¶9.

13. The contributions which were due on July 10, 2006 were paid with checks dated October 9, 2006 and received by the Funds on October 27, 2006. Kolko Affidavit, ¶3, Exhibit 2, p. 8.

14. The contributions due on August 10, 2006 were paid by checks dated October 31, 2006 and received by the Funds on November 17, 2006. Kolko Affidavit, ¶3, Exhibit 2, p. 8.

15. Contributions due on September 10, 2006 were paid by checks dated November 13, 2006 and received by the Funds on November 17, 2006. Kolko Affidavit, ¶3, Exhibit 2, p. 8.

16. Contributions due on October 10, 2006 were paid with checks dated November 20, 2006 and received by the Funds on November 29, 2006. Koko Affidavit, ¶3, Exhibit 2, p. 8.

17. Contributions due on November 10, 2006 were paid with checks dated November 27, 2006 which were received by the Funds on December 27, 2006. Kolko Affidavit, ¶3, Exhibit 2, p. 9.

18. While Kingsbridge paid the Benefit Fund contributions due on December 10, 2006 with check dated December 18, 2006, it made none of the other Funds contributions due on December 10, 2006 until August 13, 2008. Kolko Affidavit, ¶3, Exhibit 2, p. 9, ¶6.

19. Kingsbridge made none of the contributions due on January 10, 2007 until August 13, 2008. Kolko Affidavit, ¶3, Exhibit 2, p. 9, ¶7.

20. Contributions due on February 10, 2007 were paid by checks dated February 9, 2007 which were not received by the Funds until March 30, 2007 and April 4, 2007. Kolko Affidavit, ¶3, Exhibit 2, p. 9.

21. Payments due on March 10, 2007 were paid with checks dated April 10, 2007 which were received by the Funds on May 3, 2007. Kolko Affidavit, ¶3, Exhibit 2, p. 9.

22. Contributions due on April 10, 2007 were paid by checks dated April 10, 2007 and received on June 27, 2007. Kolko Affidavit, ¶3, Exhibit 2, p. 9.

23. Contributions due on May 10, 2007 were paid with checks dated May 10, 2007 and received by the Funds on July 27, 2007. Kolko Affidavit, ¶3, Exhibit 2, p. 10.

24. Contributions due on June 10, 2007 were paid by checks dated June 10, 2007 and received by the Funds on August 8, 2007. Kolko Affidavit, ¶3, Exhibit 2, p. 10.

25. Kingsbridge did not make Funds contributions due on wages earned in June, 2007, until on or about July 14, 2008. Sieger Deposition 31-32.

26.	Kingsbridge has not made Funds contributions due on wages earned in July, 2007, and those contributions are currently owed but not paid.  Sieger Deposition 33.

27.	Kingsbridge has not made Funds contributions due on wages earned in August, 2007, and those contributions are currently owed but not paid.  Sieger Deposition, 33.

28.	Kingsbridge has not made Funds contributions due on wages earned in September, 2007, and those contributions are currently owed but not paid.  Sieger Deposition, 33-34.

29.	Kingsbridge has not made Funds contributions due on wages earned in October, 2007, and those contributions are currently owed but not paid.  Sieger Deposition, 34.

30.	Kingsbridge has not made Funds contributions due on wages earned in November, 2007.  Sieger Deposition, 35-36.

31.	Kingsbridge has not made Funds contributions due on wages earned in December, 2007.  Sieger Deposition, 36, 37-38.

32.	Kingsbridge has not made Funds contributions due on wages earned in January, 2008.  Sieger Deposition, 36, 37-38.

33.	Kingsbridge has not made Funds contributions due on wages earned in February, 2008.  Sieger Deposition, 36, 37-38.

34. Effective November 5, 2007, because Kingsbridge had a significant delinquency to the Benefit Fund, the Benefit Fund was forced to terminate medical benefits for the Kingsbridge employees. Kolko Affidavit, ¶3, Exhibit 2, ¶11.

35. On February 20, 2008, 1199 went on strike against Kingsbridge. That strike continues to date. Kolko Affidavit, ¶3, Exhibit 2, p. 14.

36. Although the Kingsbridge employees' medical benefits were cut off as of November 5, 2007, if all Benefit Fund delinquencies are paid, including the delinquencies for the months of November, 2007 through February 2008, then benefits will be reinstated retroactively for the Kingsbridge employees and they will be able to submit for reimbursement medical bills which they incurred during that period November 5, 2007 through February 20, 2008. . Wells Affidavit, ¶19.

37. The Funds sent Kingsbridge a January 3, 2008 letter which advised Kingsbridge that the Funds would be conducting an audit on February 7, 2008. Moskowitz Affidavit, ¶3.

38. The most recent Funds audit of Kingsbridge covered the period up through January 1, 2004. Moskowitz Affidavit, ¶3.

39. The audit scheduled for February 7, 2008 did not take place. Moskowitz Affidavit, ¶5.

40. Pursuant to the power granted to them by their respective Declarations of trust, the Greater Funds periodically conduct payroll audits of contributing employers. If, as a result of an audit, the Funds determine that Kingsbridge or any other employer made an overpayment for a particular month, the Funds will give

Kingsbridge or any other employer a credit in an amount equal to the overpayment. Wells Affidavit, ¶18.

      41.   Pursuant to their Declarations of Trust, the Funds charge 12% interest on delinquent Funds contributions. Wells Affidavit, ¶15.

      42.   The Funds Declarations of Trust provide that, in any successful action to collect delinquent contributions, in addition to interest and principal, the Funds shall receive an amount equal to the greater of the interest or 20% of the unpaid contributions. Wells Affidavit, ¶16.

      43.   The Funds Declarations of Trust give the trustees the power to conduct payroll audits of participating employers when the trustees deem an audit necessary or advisable. Wells Affidavit, ¶17.

Respectfully submitted,

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
Hanan B. Kolko (HK 1307)
1350 Broadway, Suite 501
New York, New York 10018-0822
(212) 239-4999
hkolko@msek.com
*Attorneys for Plaintiffs*

Dated: New York, New York
      August 15, 2008

96999