USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TRUSTEES OF THE 1199/SEIU GREATER NEW   :
YORK BENEFIT FUND, et al.,              :
                                        :   07 Civ. 9744 (DLC)
            Petitioners-Plaintiffs,     :
                                        :   MEMORANDUM OPINION
            -v-                         :   & ORDER
HELEN SIEGER,                           :
                                        :
            Respondent,                 :
                                        :
KINSBRIDGE HEIGHTS REHABILITATION CARE  :
CENTER,                                 :
            Defendant.                  :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

On July 20, 2010, petitioners-plaintiffs filed a petition pursuant to New York Civil Practice Law and Rules ("CPLR") Article 4, CPLR § 5227, and Rule 69, Fed. R. Civ. P. ("Rule 69") to compel respondent, Helen Sieger ("Sieger"), to pay them the amount of a September 2009 judgment that this Court entered against defendant Kingsbridge Heights Rehabilitation Care Center ("Kingsbridge").[1]  On August 6, 2010, Sieger filed a motion to dismiss the petition.  On October 5, this Court denied Sieger's

---

[1] The facts regarding the conduct that gave rise to the judgment against Kingsbridge are recounted in Trustees of the 1199/SEIU Greater N.Y. Benefit Fund v. Kingsbridge Heights Rehabilitation Care Center, No. 07 Civ. 9744 (DLC), 2009 WL 650278 (S.D.N.Y. Mar. 13, 2009).  The facts concerning Sieger's loan from Kingsbridge are discussed in Trustees of the 1199/SEIU Greater N.Y. Benefit Fund v. Sieger, No. 07 Civ. 9744 (DLC), 2010 WL 3911474 (S.D.N.Y. Oct. 5, 2010).

1

motion to dismiss. By Order dated October 15, the parties were instructed that any motion for summary judgment must be served by February 11, 2011.[2] Opposition was due on February 25. Reply papers, if any, were to be served by March 4.

On February 11, 2011, petitioners-plaintiffs filed a certificate of service indicating that their motion for summary judgment and supporting papers were served on Sieger by first class mail.[3] Sieger did not file any opposition to the February 11 motion, nor did she or her withdrawing attorneys request any additional time to respond to the motion. By letter dated April 20, petitioners-plaintiffs notified the Court that Sieger passed away on April 17, while in the custody of the New York State Department of Corrections.

DISCUSSION

The petition was filed pursuant to Rule 69 and CPLR § 5227. Rule 69 provides that, unless there is an applicable federal statute, federal courts must look to the rules of the state

---

[2] On December 20, 2010, Kennedy Johnson Gallagher, LLC ("KJG") filed a motion to withdraw as counsel for Kingsbridge and Sieger. By Order dated February 22, 2011, no party having filed or served opposition to KJG's motion to withdraw and no attorney having entered an appearance on behalf of Sieger, the petitioners-plaintiffs were permitted to proceed against Sieger as a pro se litigant.

[3] On February 11, the petitioners-plaintiffs attempted to file their motion for summary judgment with the Court. Due to filing errors, however, the motion was rejected by ECF. On April 15, the petitioners-plaintiffs properly filed the motion.

2

where the court sits to determine the procedure for execution of a money judgment and the procedure "in proceedings supplementary to and in aid of judgment or execution." Rule 69, Fed. R. Civ. P. In New York, CPLR § 5227 supplies the procedure for executing a money judgment against a third party who owes a debt to a judgment debtor. CPLR § 5227. Specifically, § 5227 authorizes judgment creditors to commence a "special proceeding" against "any person who it is shown is or will become indebted to the judgment debtor." Id. Upon the completion of the proceeding, a court "may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment." Id. Alternatively, a court may "direct that a judgment be entered against such person in favor of the judgment creditor." Id.

It is undisputed that Kingsbridge owes the petitioners-plaintiffs the entire amount of the September 2009 judgment plus post-judgment interest, and that Sieger owes Kingsbridge $9 million, plus interest. Thus, the petitioners-plaintiffs' motion for summary judgment is granted. Pursuant to Rule 69 and § 5227, the petitioners-plaintiffs are entitled to a judgment against Sieger for the full amount of the September 2009 judgment against Kingsbridge, $2,733.362.11, plus interest running from September 9, 2009 until the date the judgment is paid in full by Sieger or her estate.

3

CONCLUSION

The petitioners-plaintiffs' motion for summary judgment is granted. Petitioners-plaintiffs shall provide the Court with a proposed judgment against Sieger by May 4, 2011.

SO ORDERED:

Dated:  New York, New York
        April 27, 2011

```
                    _____
                         DENISE COTE
                    United States District Judge
```